SUMMARY ORDER

Petitioner Ai Ming Shi, a native and citizen of the People’s Republic of China, seeks review of: (1) the December 30, 2004 order of the BIA denying her first motion to reopen; and (2) the September 27, 2007 order of the BIA denying her second motion to reopen. In re Ai Ming Shi, No. A077 772 369 (B.I.A. Dec. 30, 2004); In re Ai Ming Shi, No. A077 772 369 (B.I.A. Sept. 27, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mulcasey, 546 F.3d 138, 169 (2d Cir.2008).
The BIA did not abuse its discretion in denying Shi’s timely first motion to reopen for failure to demonstrate her prima facie eligibility for relief based on the birth of her U.S. citizen child. See 8 C.F.R. § 1003.2(c)(2); see also Jian Hui Shao, 546 F.3d at 169-72. Nor did it err by denying her untimely and number-barred second motion to reopen for failure to demonstrate material changed country conditions excusing the applicable time and *577 numerical limitations. See 8 C.F.R. § 1003.2(c)(2); see also Jian Hui Shao, 546 F.3d at 169-72. Indeed, we have previously reviewed the BIA’s consideration of evidence similar to that which Shi presented and have found no error in its conclusion that such evidence was insufficient to establish either material changed country conditions or a reasonable possibility of persecution. See Jian Hui Shao, 546 F.3d at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Moreover, contrary to Shi’s contention, a comparison of the various U.S. Department of State reports in the record does not demonstrate either material changed country conditions related to her economic persecution claim or her pri-ma facie eligibility for relief based on that same claim. See Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002).
For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).